Erica J. Sullivan (SBN: 306466)
Daniel R. Forde (SBN: 248461)
**HOFFMAN & FORDE, ATTORNEYS AT LAW**
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
Tel: (619) 546-7880
Fax: (619) 546-7881
esullivan@hoffmanforde.com
dforde@hoffmanforde.com

Attorneys for Plaintiff,
John Dogoldogol

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOGOLDOGOL, an individual,<br><br>Plaintiff,<br>v.<br><br>EQUIFAX INC.; TRANS UNION LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Case No.: **'17CV0231 BTM NLS**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1. THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.**<br><br>**[JURY TRIAL DEMANDED]** |

## INTRODUCTION

1. Plaintiff JOHN DOGOLDOGOL ("Plaintiff"), through his attorneys, files this Complaint and brings this action against Defendants EQUIFAX INC. ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and TRANS UNION LLC ("Trans Union") (collectively as "Defendants") with regard to Defendants' reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by 15 U.S.C. §

1681a(g). Defendants' willful and negligent failure to properly investigate the dispute of Plaintiff concerning the inaccurate data Defendants are reporting in Plaintiff's file, and Defendants' failure to correct such, which Defendants knew or should have known were erroneous, caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

6. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681i.

8. This action arises out of Defendants' violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.

9. Because Defendants conduct business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11. Plaintiff is a natural person who resides in the County of San Diego, in the State of California.
12. Plaintiff is a "consumer," as defined by 15 U.S.C. § 1681a(c).
13. Defendant Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).
14. Defendant Equifax is a corporation incorporated in the State of Georgia.
15. Defendant Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).
16. Defendant Trans Union is a limited liability company organized in the State of Delaware.
17. Defendant Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).
18. Defendant Experian is a corporation incorporated in the State of Ohio.
19. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## GENERAL FACTUAL ALLEGATIONS

20. At all times, relevant to this matter, Plaintiff was an individual residing within the State of California.
21. At all times, relevant to this matter, Defendants conducted business within the

COMPLAINT

State of California.

## FACTUAL ALLEGATIONS RE: NATIONSTAR MORTGAGE (ACCOUNT 61540xxxx)

22. On or about September 30, 2016, Plaintiff became aware that Experian, Equifax and Trans Union were reporting a continuing obligation owed to Nationstar Mortgage ("Nationstar") on Plaintiff's credit report.

23. On Plaintiff's credit report, Experian is reporting this obligation owed to Nationstar with a status of "Paid in Settlement. $68,694 written off," despite the fact that the "written off" amount is for the full amount of debt and does not reflect the Plaintiff's settlement amount.

24. On Plaintiff's credit report, Equifax is reporting this obligation owed to Nationstar with a status of "Charge Off" and "Charge off amount: $68,694," despite the fact that the "written off" amount is for the full amount of debt and does not reflect the Plaintiff's settlement amount.  Additionally, there is no mention of any settlement or payment on this account.

25. On Plaintiff's credit report, Trans Union is reporting this obligation owed to Nationstar with a status of "Account paid in full; was a charge off" and remarks of "SETTLED-LESS THAN FULL BLNC; PAID IN FULL/WAS A CHARGE OFF." Including both the settlement and paid in full in the remarks has caused confusion as to which statement truly applies.

26. Subsequently, Plaintiff disputed the trade line on Plaintiff's credit report with Defendants via written communications dated November 11, 2016.

27. Defendants failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681i, which requires credit agencies to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed

information following a dispute filed with Defendants by Plaintiff. Defendants' conduct is also in violation of 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumer's credit reports.

28. By inaccurately reporting account information relating to the debt after notice and confirmation of its errors, Defendants failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

29. As a result of Defendants' action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

## FACTUAL ALLEGATIONS RE: CAPITAL ONE (ACCOUNT 412174213507xxxx)

30. On or about September 30, 2016, Plaintiff became aware that Experian and Trans Union were reporting a continuing obligation owed to Capital One on Plaintiff's credit report.

31. On Plaintiff's credit report, Experian is reporting this obligation owed to Capital One with a status of "Paid in Settlement. $831 written off," despite the fact that the "written off" amount is for the full amount of debt and does not reflect the Plaintiff's settlement amount.

32. On Plaintiff's credit report, Trans Union is reporting this obligation owed to Capital One with a status of "Account paid in Full; was a Charge-off" and remarks of "SETTLED-LESS THAN FULL BLNC." Including both the settlement and paid in full language in the remarks is misleading and has

caused confusion as to which statement truly applies.

33. Subsequently, Plaintiff disputed the trade line on Plaintiff's credit report with Experian and Trans Union via written communications dated November 11, 2016.

34. Experian and Trans Union failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681i, which requires credit agencies to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Experian and Trans Union by Plaintiff.  Experian and Trans Union's conduct is also in violation of 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumer's credit reports.

35. By inaccurately reporting account information relating to the debt after notice and confirmation of its errors, Experian and Trans Union failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

36. As a result of Experian and Trans Union's action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials.  Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Experian and Trans Union's inaccurate and derogatory information, without success.

## CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681 ET SEQ.
## [AGAINST ALL DEFENDANTS]

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
38. Defendants willfully, recklessly, and negligently violated provisions of the FCRA.
39. Defendants' violations include, but are not limited to, Defendants' violation of 15 U.S.C. § 1681i, by failing to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Defendants by Plaintiff.
40. Defendants' conduct also violates 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumers' credit reports.
41. As a result of each and every negligent violation of the FCRA, Defendants are liable to Plaintiff in the sum of Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's and costs fees, pursuant to 15 U.S.C. § 1681o(a)(2).
42. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages, or damages of not less than $100.00 and not more than $1,000.00, and such amount as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C §1681n(a)(3).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants:
43. For each incident of willful noncompliance:
    A. An award of actual damages, in an amount to be determined at trial or

   damages of a maximum of $1,000 per Plaintiff pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful non-compliance of the FCRA;

B. An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of willful noncompliance of the FCRA;

C. An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

D. An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

E. Any and all other relief the Court deems just and proper.

Dated: February 6, 2017

Respectfully submitted,
**HOFFMAN & FORDE**

  /s/ Erica J. Sullivan
ERICA J. SULLIVAN
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
P: (619) 546-7880
F: (619) 546-7881
E: esullivan@hoffmanforde.com

Attorneys for Plaintiff,
John Dogoldogol

COMPLAINT

### TRIAL BY JURY

44. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 6, 2017

Respectfully submitted,
**HOFFMAN & FORDE**

   */s/ Erica J. Sullivan*
ERICA J. SULLIVAN
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
P: (619) 546-7880
F: (619) 546-7881
E: esullivan@hoffmanforde.com

Attorneys for Plaintiff,
John Dogoldogol

**COMPLAINT**